# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHAS W. SUMMERVILLE (02),<br><br>Defendant. | Case No. 17-40022-02-DDC |

## MEMORANDUM AND ORDER

This matter comes before the court on defendant Chas Summerville's pro se[1] "Motion for a Post Sentencing Judicial Recommendation to the Federal Bureau of Prisons." Doc. 72. For reasons explained below, the court denies Mr. Summerville's motion.

### I.    Background

On March 12, 2018, Mr. Summerville entered a Plea Agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), pleading guilty to a firearm possession crime under 18 U.S.C. § 922(g). His binding Plea Agreement included a jointly recommended sentence: a prison sentence lasting no longer than 18 months; three years of supervised release; no fine; and the mandated special assessment of $100. Doc. 65 at 2.

On June 18, 2018, the court accepted Mr. Summerville's Plea Agreement and sentenced him—consistent with the Plea Agreement—to 18 months in prison, along with the other above-referenced components of his recommended sentence. Docs. 69, 70. At Mr. Summerville's

---

[1]    Because plaintiff proceeds pro se, the court construes his pleadings liberally and holds them to a less stringent standard than those drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not become an advocate for him. *Id.* Nor does plaintiff's pro se status excuse him from complying with the court's rules or facing the consequences of noncompliance. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

request, the court recommended that the Bureau of Prisons ("BOP") designate him as close to Topeka, Kansas, as possible to facilitate family visitation and support. Doc. 70 at 2.

## II. "Motion for a Post Sentencing Judicial Recommendation to the Federal Bureau of Prisons" (Doc. 72)

In his motion, Mr. Summerville asks the court to amend his sentence to include a "[p]ost-sentencing recommendation in an order to the B.O.P. that he receive 4 to 5 months of halfway house placement in accordance with the Second Chance Act." Doc. 72 at 1. He requests this amendment, he says, because he "needs the halfway house amount requested to find a job, transportation, housing," and so forth. *Id.* at 2.

The court construes this filing as a motion to amend the judgment, or, alternatively, for a supplemental recommendation by the court made outside the judgment. *See United States v. Baker*, No. 14-40089-01-DDC, 2018 WL 2327428, at *1 (D. Kan. May 30, 2018) (first citing *United States v. Grant*, No. 5:14-CR-296-FL-1, 2017 WL 2799851, at *1 (E.D.N.C. June 28, 2017); then citing *United States v. Galindo*, No. 2:13-CR-73-FTM-38CM, 2017 WL 3499254, at *2 (M.D. Fla. Aug. 16, 2017)).

The court concludes that it lacks any authority or reason to amend the judgment. Except in limited situations, a federal statute prohibits the court from modifying a term of imprisonment once the court has imposed it. 18 U.S.C. § 3582(c). The exceptions are limited: the court may modify a term of imprisonment upon the BOP's motion, upon the lowering of the sentence range by the Sentencing Commission, or if permitted expressly by statute or Fed. R. Crim. P. 35. *Id.*; *see also Grant*, 2017 WL 2799851, at *1. None of these exceptions apply here.

Mr. Summerville's motion asserts that 18 U.S.C. § 3621(b)(5) authorizes the court to make a recommendation in circumstances like his. Doc. 72 at 1. Mr. Summerville is correct, up to a point. Section 3621—while not foreclosing the court's power to make such a

2

recommendation—curtails the effect of such an action. In relevant part, § 3621(b)(5) provides that "[a]ny order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau [of Prisons] under this section to determine or change the place of imprisonment of that person." 18 U.S.C. § 3621(b)(5). The court thus must decide whether such a recommendation is warranted under the circumstances.

Mr. Summerville contends that "numerous courts have granted such recommendations" (Doc. 72 at 1) and cites four cases in support. The court has reviewed three of the four cases that Mr. Summerville seeks. And, indeed, the judges in those three cases made recommendations similar to the one sought here.[2] But these cases are not persuasive: they rely in large part on defendants' evidence of good behavior and reformation. *See, e.g.*, *United States v. Bartels*, No. 12-cr-20072, 2016 LEXIS 164056, at *3 (E.D. Mich. Nov. 29, 2016) (finding evidence of rehabilitation based on participation in BOP programs in anticipation of release).

Here, Mr. Summerville asserts that "the following behavior and accomplishments while incarcerated indicate significant positive change . . . and that he is deserving of the amount of halfway house" he requests in his motion. Doc. 72 at 1. But that's all: Mr. Summerville provides no evidence beyond this conclusory claim.

The court has concluded that it should deny Mr. Summerville's motion. The court lacks the requisite information to make the recommendation he seeks. The court has had no interaction with him since the sentencing hearing. And, the court lacks sufficient information to evaluate Mr. Summerville's performance or his rehabilitative needs. In contrast, the BOP has

---

[2] Mr. Summerville cites "U.S. v. Spraggins, 2:15-cr-20111-AC-mkm" in support. Doc. 72 at 1. The court cannot locate an order in that case that addresses a request for a post-sentencing recommendation. It has located one reported order in that case. *See* 2016 WL 3254580. But that order does not address an issue like the one Mr. Summerville presents here.

adopted policies that will evaluate whether Mr. Summerville is eligible for placement at a halfway house. U.S. Dep't of Justice, Fed. Bureau of Prisons, Program Statement 7310.04, Cmty. Corr. Ctr. (CCC) Utilization and Transfer Procedures (1998). The court has minimal familiarity with these policies.

For these reasons, the court denies Mr. Summerville's motion, but without intending for its decision to prejudice any similar request Mr. Summerville might submit to BOP.

**III.    Conclusion**

For the reasons discussed above, the court denies Mr. Summerville's motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's "Motion for a Post Sentencing Judicial Recommendation to the Federal Bureau of Prisons" (Doc. 72) is denied.

**IT IS SO ORDERED.**

**Dated this 26th day of September, 2018, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**